IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Jose Alexander Menjivar, Individually and § 
On Behalf of Others Similarly Situated,
    Plaintiff,

V. § CIVIL ACTION NO. 2:24-cv-211

Hossein "George" Mostaghasi, Individually
and d/b/a Sun George Contracting,
Mostaghasi George Development LLC,
Empire Apartments LLC, Mostaghasi
Enterprises Inc., Portland Village LLC,
Sun George Venture LLC, Manhattan Plaza
LLC, MST, LLC, Bellini Plaza LLC,
Saratoga Oaks Apartments, LLC, GTHH
Development, LLC, and The Mostaghasi
Investment Trust,
    Defendants. § JURY DEMANDED

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Hossein "George" Mostaghasi ("Mostaghasi") has a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Mostaghasi implements this wage theft plan through numerous companies and entities that he controls, including Defendants Mostaghasi George Development LLC, Empire Apartments LLC, Mostaghasi Enterprises Inc., Portland Village LLC, Sun George Venture LLC, Manhattan Plaza LLC, MST, LLC, Bellini Plaza LLC, Saratoga Oaks Apartments, LLC, GTHH Development, LLC, and The Mostaghasi Investment Trust (the "Companies", and together with Mostaghasi, "Defendants"). Defendants' failure to pay the overtime premium req uired by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Jose Alexander Menjivar

("Menjivar" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Hossein "George" Mostaghasi is an individual who has an ownership interest in and who has operational control of numerous construction-related, real estate owning and real estate development companies ("Companies") in the Corpus Christi, Texas area.

2. Mostaghasi is a person who controls how employees are paid by the Companies. Because of the compensation policies that Mostaghasi has put into place in the Companies, the companies have a common practice of misclassifying hourly construction workers as independent contractors and paying their workers a "straight time" hourly rate, that is, they do not pay these employees time-and-a-half overtime pay if they work more than 40 hours in a workweek. Instead, the Companies pay their hourly workers the same hourly rate for all hours worked. Mostaghasi has the authority to determine pay policies for all the Companies and is the individual who put this payment scheme into place for all the Companies.

3. Menjivar worked for Mostaghasi and his companies as an hourly construction worker from 2020 until February of 2024. Plaintiff's duties included performing construction work, operating machinery related to construction work, and supervising other construction workers.

4. During the time he worked for the Defendants, Menjivar regularly worked more than 40 hours per week.

5. Defendants paid Menjivar on an hourly basis and classified him as an independent contractor. Defendants did not pay Menjivar an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Defendants paid Menjivar the same hourly rate for all the hours he worked ("straight time").

6. Menjivar worked with other individuals who were paid on an hourly basis to perform construction and maintenance related work. These individuals were also manual laborers who also regularly worked over 40 hours per week, they were also classified as independent contractors and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

7. Mostaghasi is well aware of his obligation to pay time and a half to his hourly workers. Numerous workers, including Menjivar, complained to Mostaghasi regarding his companies' failure to pay overtime pay for hours over 40. On those occasions when someone like Plaintiff did complain or broach the subject with Mostaghasi, he lost his temper and berated the individual and told them to never broach the subject again.

8. Mostaghasi is an owner and control person of the Defendant companies sued in this lawsuit. Mostaghasi was involved in the control of all the decisions regarding hiring, firing, means and method of compensation of employees. The Companies are all entities that are in the real estate and/or construction business, use common suppliers, have common supervisory personnel that are over multiple corporate locations, and are run as one business with the same compensation policies for all employees. In addition, employees such as Menjivar work for multiple of Mostaghasi's companies (In just the last 3 years, Menjivar has been paid by at least

10 different payors for work performed for Mostaghasi and the Companies). Mostaghasi and all the Companies are joint employers of Plaintiff and all of his coworkers.

## Allegations Regarding FLSA Coverage

9. Defendant Mostaghasi is an individual who owns/runs the Companies that own, manage, develop, and perform construction work in the Corpus Christi area. The Companies, and by extension, their owner and control person, Defendant Mostaghasi, are covered by and subject to the overtime requirements of the FLSA.

10. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

11. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

12. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

13. During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Mostaghasi and the Companies are a Single Enterprise**

<u>The Companies are Engaged in "Same or Similar Businesses"</u>

14. Mostaghasi and the Companies together operate as a single enterprise. The Companies are all in the same or complementary businesses of real estate development, construction, and/or management.

<u>The Companies are under the Common Control of Mostaghasi</u>

15. Mostaghasi is an individual who has the power to make binding decisions and does make binding decisions regarding the operation of the Companies. Mostaghasi has the power to control and does control the operations of the Companies, including employee compensation policies (such as misclassifying and not paying overtime to hourly workers), contracts with suppliers, and contracts with vendors.

<u>Mostaghasi Operates the Defendant Companies for a Common Business Purpose</u>

16. Mostaghasi operates the Companies to streamline his operations, gain the advantage of economies of scale, all for the purpose of maximizing his profits from these entities. The buying and bargaining power of the Companies allows Mostaghasi and the other Defendants to gain an advantage over competitors in the marketplace, as does the illegal practice of not paying their employees overtime pay. The control and ownership of the Companies is centralized in Mostaghasi. He operates the Companies as a single business enterprise to the benefit of himself and the Companies.

**Mostaghasi is an Employer and the Companies are Joint Employers**

<u>Power to Hire and Fire Employees</u>

17. Mostaghasi possesses and possessed the power to hire and fire employees of all of the Companies. Mostaghasi either makes those decisions himself or hires supervisory personnel

to make those decisions for him. However, Mostaghasi always has the ultimate power to make decisions regarding the employment status of the Companies' employees.

Control of Employee Conditions of Employment

18. Mostaghasi has the power to control employee work schedules and conditions of employment at all the Companies. While Mostaghasi may not have personally created the weekly schedules for each Company, he put into place the structure of the work schedules and appointed and supervised the individuals who physically created work schedules. Mostaghasi created a system in which Company employees are regularly misclassified as independent contractors and regularly work more than 40 hours per week and are not paid overtime pay for the hours over 40. The Companies carried out these schedule and compensation policies.

Rate and Method of Payment

19. Mostaghasi is an individual who determined that the Company workers would be paid on an hourly basis, that they were going to be misclassified as independent contractors and that they were not going to be paid overtime pay when they worked more than 40 hours in a workweek. Mostaghasi put his decisions regarding rates and methods of payment into place through the Companies.

Maintenance of Employment Records

20. Mostaghasi maintained employment records for the Plaintiff and all the individuals employed by the Companies through the Companies. As required by Mostaghasi, each of the Companies kept employment records, including time records and pay records. Mostaghasi also has pay records because he is an owner of the bank accounts that the Companies used to pay their employees.

## Plaintiff's Claims

21. Defendants were legally required to pay Menjivar and other hourly construction and maintenance workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendants in over 40 in any workweek.

22. Menjivar worked over 40 hours in many workweeks that he worked for Defendants.

23. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

24. Defendants did not pay Menjivar time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other construction and property management companies that pay their employees all of the money required by law.

25. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Menjivar and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

26. Defendants violated the FLSA by failing to pay Menjivar overtime pay for hours worked over 40 per workweek.

27. Menjivar has suffered damages as a direct result of Defendants' illegal actions.

28. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

29. Mostaghasi was well aware of the requirements to pay overtime to hourly construction workers and had been informed of that on many occasions. Defendant was thus fully aware of its obligations to pay overtime yet continued to knowingly violate the FLSA's requirements. This means that the claims of Menjivar and the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

**Collective Action Allegations**

30. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying construction and maintenance workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

31. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Hossein "George" Mostaghasi, Mostaghasi George Development LLC, Empire Apartments LLC, Mostaghasi Enterprises Inc., Portland Village LLC, Sun George Venture LLC, Manhattan Plaza LLC, MST, LLC, Bellini Plaza LLC, Saratoga Oaks Apartments, LLC, GTHH Development, LLC, and The Mostaghasi Investment Trust as construction or maintenance workers (no matter their specific title) who are/were employed by and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

32. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly

Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendant, Jurisdiction, and Venue

33. Defendant Hossein "George" Mostaghasi is an individual who may be served with process at 5626 E Ocean Dr., Corpus Christi, Texas 78412.

34. Defendant Mostaghasi George Development LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its member/president, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

35. Defendant Empire Apartments LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

36. Defendant Mostaghasi Enterprises Inc. is a Texas corporation and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

37. Defendant Portland Village LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its member/director, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

38. Defendant Sun George Venture LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its

registered agent, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

39. Defendant Manhattan Plaza LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

40. Defendant MST, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

41. Defendant Bellini Plaza LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its governing person, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

42. Defendant Saratoga Oaks Apartments, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its member/director, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

43. Defendant GTHH Development, LLC is a Texas limited liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its member/director, Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

44. Defendant The Mostaghasi Investment Trust is an unincorporated entity located in

Corpus Christi, Texas and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served by serving Hossein George Mostaghasi at 5626 E Ocean Dr., Corpus Christ, Texas 78412, or wherever he may be found.

45. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

46. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing construction or maintenance-related work who are/were employed by and paid on an hourly basis by Defendants Hossein George Mostaghasi, Mostaghasi George Development LLC, Empire Apartments LLC, Mostaghasi Enterprises Inc., Portland Village LLC, Sun George Venture LLC, Manhattan Plaza LLC, MST, LLC, Bellini Plaza LLC, Saratoga Oaks Apartments, LLC, GTHH Development, LLC, and The Mostaghasi Investment Trust during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF JOSE ALEXANDER MENJIVAR**