United States District Court
Southern District of Texas
**ENTERED**
March 04, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JOSE ALEXANDER MENJIVAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00211 |
| | § | |
| HOSSEIN "GEORGE" MOSTAGHASI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jose Alexander Menjivar has brought this putative collective action against defendants Hossein "George" Mostaghasi ("Mostaghasi") and 12 entities that Mostaghasi allegedly controls (the "Companies") (collectively, "Defendants"), claiming violations of the Fair Labor Standards Act. (Doc. No. 1.) Defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 17.) For the reasons discussed below, the undersigned recommends that the motion be DENIED.[1]

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. *Proceedings.*

Plaintiff filed this suit, generally alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 203 *et seq.* ("FLSA"). He claims that Defendants wrongfully (and willfully) misclassified him as an independent contractor rather than an employee and that they

---

[1] This case has been referred to the undersigned for pretrial case management and recommendations on dispositive matters. *See* Doc. No. 8; 28 U.S.C. § 636.

then failed to pay him overtime compensation to which he was entitled. (Doc. No. 1, pp. 7-8 ¶¶ 21-29.) Plaintiff also alleges that there are other employees who are similarly situated and who likewise were not paid overtime. *Id.* at 3 ¶¶ 6-7; *id.* at 8-9 ¶¶ 30-32.

Defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). They argue that Plaintiff's complaint fails to plausibly allege sufficient facts to support a FLSA claim, either in his own right or on behalf of a class of other alleged employees. (Doc. No. 17.) In response, Plaintiff argues that his complaint passes muster under Rule 12(b)(6). (Doc. No. 23.) Defendants did not file a reply to Plaintiff's response. The specific arguments raised in the motion and response are detailed and discussed below.

### C. *Plaintiff's factual allegations.*

Plaintiff alleges that he worked for Mostaghasi and the Companies "as an hourly construction worker from 2020 until February of 2024. Plaintiff's duties included performing construction work, operating machinery related to construction work, and supervising other construction workers." (Doc. No. 1, p. 2 ¶ 3.) During his time working for Defendants, Plaintiff claims, he "regularly worked more than 40 hours per week." *Id.* ¶ 4. Defendants allegedly paid Plaintiff on an hourly basis and classified him as an independent contractor. *Id.* at 3 ¶ 5. They did not, however, pay Plaintiff any overtime premium for any hours worked beyond 40 in a workweek. *Id.* Instead, Defendants allegedly paid Plaintiff "the same hourly rate for all the hours he worked ("straight time")." *Id.*

Plaintiff claims that other people were similarly situated and were treated as he was:

[Plaintiff] worked with other individuals who were paid on an hourly basis to perform construction and maintenance related work. These individuals were also manual laborers who also regularly worked over 40 hours per week, they were also classified as independent contractors and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants paid

these other individuals straight time for all hours that they worked over 40 in a
workweek.

(Doc. No. 1 p. 3 ¶ 6.)

Plaintiff claims that defendant Mostaghasi owns and controls the Companies; Mostaghasi

allegedly "has the power to make binding decisions and does make binding decisions regarding

the operation of the Companies." (Doc. No. 1, p. 2 ¶ 1; *id.* at 3 ¶ 8; *id.* at 5 ¶ 15.) He also

allegedly controls the Companies' "employee compensation policies (such as misclassifying and

not paying overtime to hourly workers), contracts with suppliers, and contracts with vendors."

*Id.* at 5 ¶ 15. The Companies, Plaintiff says, are all "in the real estate and/or construction

business, use common suppliers, have common supervisory personnel that are over multiple

corporate locations, and are run as one business with the same compensation policies for all

employees." *Id.* Together, he alleges, the Companies "together operate as a single enterprise.

They Companies are all in the same or complementary business of real estate development,

construction, and/or management." *Id.* at 5 ¶ 14. Plaintiff claims that he and the other allegedly

similarly situated employees "work for multiple of Mostaghasi's companies (In just the last 3

years, [Plaintiff] has been paid by at least 10 different payors for work performed for Mostaghasi

and the Companies)." *Id.* at 3-4 ¶ 8.

Plaintiff alleges that Mostaghasi

is well aware of his obligation to pay time and a half to his hourly workers.
Numerous workers, including [Plaintiff], complained to Mostaghasi regarding his
companies' failure to pay overtime pay for hours over 40. On those occasions
when someone like Plaintiff did complain or broach the subject with Mostaghasi,
he lost his temper and berated the individual and told them to never broach the
subject again.

(Doc. No. 1 p. 3 ¶ 7.)

### D. *Rule 12(b)(6).*

When considering a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6), a reviewing court must determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead those facts specifically enough to raise a right to relief that exceeds mere speculation. *See id.* at 555. The facial plausibility standard is met when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This does not require the plaintiff to demonstrate probability, but the plaintiff must allege something more than a sheer possibility that a defendant has acted unlawfully. *See id.*

Reviewing courts are to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). But legal conclusions are not entitled to such acceptance, nor are threadbare recitals of elements of a cause of action supported by mere conclusory statements. *See Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 555). Conclusory allegations and unwarranted deductions of fact are not accepted as true: the plaintiff must plead "'specific facts, not mere conclusory allegations' to state a claim for relief that is facially plausible." *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). Legal conclusions masquerading as factual conclusions likewise will not suffice to prevent the granting of a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### E. *Discussion.*

Plaintiff alleges two FLSA claims.  First, in his own right, he asserts an entitlement to overtime compensation that Defendants allegedly did not pay him.  (Doc. No. 1, pp. 7-8 ¶¶ 26-29.)  Second, he seeks to sue on behalf of a class of other alleged employees whom he claims were similarly situated and also were not paid overtime.  *Id.* at 8-9 ¶¶ 30-32.

FLSA requires covered employers to compensate non-exempt employees at overtime rates for time worked in excess of maximum hours that are defined by statute.  *See* 29 U.S.C. § 207(a).  Employees have the right to bring claims for unpaid overtime.  *See* 29 U.S.C. § 216(b).

### 1. *Plaintiff's individual overtime claim.*

To plead a viable overtime claim, Plaintiff must plausibly allege (1) that an employer-employee relationship existed between himself and Defendants during the unpaid overtime periods claimed, (2) that he engaged in activities within the FLSA's coverage, (3) that Defendants violated the FLSA's overtime wage requirements, and (4) the amount of overtime compensation due.  *See White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021) (citing *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

Defendants seek dismissal, arguing that Plaintiff fails to plausibly allege: that he was an employee of Mostaghasi or the Companies (Doc. No. 17, pp. 6-7 ¶¶ 12-16); specific enough allegations that he worked more than 40 hours in any workweek and thus was entitled to overtime (*id.* at 7-10 ¶¶ 17-22); and that Defendants' business activities were covered by FLSA (*id.* at 10-12 ¶¶ 23-27).

### a. *Employee status.*

Defendants argue that Plaintiff's allegations "do[] not reflect the degree of control necessary to find an employer-employee relationship between him and any of the Defendant entities." (Doc. No. 17, p. 7 ¶ 16.)  However, Plaintiff's allegations are sufficient at the pleading stage to survive a motion to dismiss.

To survive a Rule 12(b)(6) dismissal motion, a FLSA plaintiff must plausibly allege the existence of an employer-employee relationship during the unpaid overtime periods claimed. *See Johnson*, 758 F.3d at 630.  An "employer" is "any person acting directly or indirectly in the interests of an employer in relation to an employee." 29 U.S.C. § 203(d).  FLSA "'contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA.'" *Kaminski v. BMW Sugar Land Partners*, Civ. No. H-10-551, 2010 WL 4817057, at \*2 (S.D. Tex. Nov. 19, 2010) (Miller, J.) (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), in turn quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

"Given the remedial purposes of [FLSA] an expansive definition of 'employee' has been adopted by the courts." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir. 1976)).  In this circuit, courts use the "economic realities" test to determine who is an employer under FLSA.  *See Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012).  Reviewing courts consider whether the alleged employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355.  Courts must apply this test to each individual or entity alleged to be an employer. *Blakely v. GoLabs, Inc.*, No. 3:21-CV-2422, 2023 WL 6139456, at \*4 (N.D. Tex. Aug. 17, 2023),

*adopted*, 2023 WL 6393184 (N.D. Tex. Sept. 30, 2023). An employer-employee relationship can exist even if not all of the factors are present: the decision is dependent on the economic reality rather than the form of the relationship. *See id.* (citing *Gray*, 673 F.3d at 357); *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237-38 (5th Cir. 1973).

Because Plaintiff alleges that he was misclassified as an independent contractor, a key inquiry is to determine whether he plausibly alleges that he was an "employee." Courts in this circuit evaluate such claims by applying the following non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *See Parrish*, 917 F.3d at 379. "'The touchstone of economic reality in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency.'" *Pereira v. JRV Servs., LLC*, Civ. No. 18-2720, 2018 WL 3619442, at *2 (E.D. La. July 30, 2018) (quoting *Altier v. Worley Catastrophe Response, LLC*, Civ. No. 11-241, 2011 WL 1791292, at *3 (E.D. La. May 9, 2011)). Put another way, the core issue is whether Plaintiff was economically dependent upon the business to which he rendered his services, such that he was not, as a matter of economic reality, in business for himself. *See Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998).

Plaintiff's allegations are sufficient at the pleading stage. First, he alleges that Defendants (Mostaghasi and the Companies) are a single enterprise and thus that all of them were his "employers." An employee may have multiple employers under FLSA, but it is not enough to allege in a conclusory or collective manner that several defendants are "employers" for FLSA purposes. *See Barrick v. Edge OFS Holdings, LLC*, No. PE-24-CV-00003, 2025 WL

498548, at *3-*4 (W.D. Tex. Jan. 29, 2025). "Instead, '[w]here a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA.'" *Fernandez v. JaniKing Int'l, Inc.*, Civ. No. H-17-1401, 2018 WL 539364, at *2 (S.D. Tex. 2018) (Stacy, M.J.), *adopted*, 2018 WL 542283 (S.D. Tex. Jan. 23, 2018) (quoting *Kaminski*, 2010 WL 4817057, at *2). Each employer must satisfy the economic reality test. *See Barrick*, 2025 WL 498548, at *3.

Plaintiff's allegations, taken as true as they must be for purposes of this analysis, satisfy the plausibility requirement for Mostaghasi and the Companies. He claims that Mostaghasi and the Companies operate together as a single enterprise, engaging "in the same or complementary businesses of real estate development, construction, and/or management." (Doc. No. 1, p. 5 ¶ 14.) Mostaghasi allegedly controls the operations of all of the Companies, empowered to make and making binding decisions about their operation, including employee compensation policies, contracts with suppliers, and contracts with vendors. *Id.* ¶ 15. Plaintiff alleges that Defendants "have common supervisory personnel that are over multiple corporate locations, and are run as one business with the same compensation policies for all employees." *Id.* at 3 ¶ 8. Plaintiff further alleges that Mostaghasi possessed the power to hire and fire employees of all of the Companies, and that he exercised that power either himself or through supervisory employees he hired. *Id.* at 5-6 ¶ 17. Plaintiff contends that Mostaghasi "put into place the structure of the work schedules and appointed and supervised the individuals who physically created the work schedules" for the Companies. *Id.* at 6 ¶ 18. Plaintiff alleges that Mostaghasi also determined the rate and method of payment for employees, determining that they would be paid on a straight time basis without any overtime premium, and that Mostaghasi implemented that decision

through the Companies. *Id.* ¶ 19. And Plaintiff contends that Mostaghasi maintained employment records for Plaintiff through the Companies; each of the Companies "kept employment records, including time records and pay records. Mostaghasi also has pay records because he is an owner of the bank accounts that the Companies used to pay their employees." *Id.* ¶ 20. These allegations, taken together, are sufficient to plausibly allege that Defendants are employers and that they were operated as a single enterprise by Mostaghasi.

Plaintiff alleges that he was employed by Defendants, claiming that he worked for Mostaghasi and the Companies from 2020 until February 2024. (Doc. No. 1, p. 2 ¶ 3.) As discussed, the key is dependency, *see Herman*, 161 F.3d at 303, and Plaintiff satisfies that pleading standard. He also plausibly pleads his own economic dependence on Defendants, alleging that Defendants, led by Mostaghasi, controlled his work schedule, work assignments, and conditions of employment. *See* Doc. No. 1, p. 6 ¶ 18. Defendants also determined Plaintiff's opportunity for profit or loss by determining his rate of pay, he alleges. *Id.* ¶ 19. By alleging that he worked for Defendants from 2020 through February 2024, Plaintiff plausibly alleges the permanence of his relationship with Defendants. *Id.* at 2 ¶ 3. The allegations are sufficient at the pleading stage to satisfy the element requiring the existence of an employer-employee relationship. *Cf. Steen v. Maids in USA*, No. 3:23-CV-00072, 2023 WL 8260894, at *3 (S.D. Tex. Nov. 29, 2023) (Edison, M.J.).

Defendants argue that Plaintiff fails to provide sufficient detail about the level of control that Mostaghasi allegedly exerts over the Companies. (Doc. No. 17, p. 7 ¶ 14 (citing *Brunet v. GB Premium OCTG Servs. LLC*, No. 4:21-CV-1600, 2022 WL 17730576, at *5 (S.D. Tex. Dec. 1, 2022) (Palermo, M.J.), *adopted*, 2023 WL 2186441 (S.D. Tex. Feb. 22, 2023)). Defendants' cited case is inapposite, however: *Brunet* did not evaluate its plaintiff's claims under Rule

12(b)(6) but instead in the context of whether class certification was appropriate. *See Brunet*, 2022 WL 17730576, at *1. That question would be answered at a later stage of this proceeding. At this stage, dismissal is inappropriate. The district court should deny Defendants' dismissal motion on this point and find that Plaintiff has adequately pleaded the existence of an employer-employee relationship.

### b. Specificity of overtime work and pay allegations.

Plaintiff's complaint alleges that he "regularly worked more than 40 hours per week" and that Defendants paid him on a straight time basis even for hours exceeding 40 in a workweek. (Doc. No. 1, p. 2 ¶¶ 2, 4; *id.* at 3 ¶ 5.) Defendants argue that this allegation is insufficiently specific to pass muster under Rule 12(b)(6), contending that Plaintiff fails to plausibly allege with enough specificity that he worked more than 40 hours in any given workweek. (Doc. No. 17, pp. 7-10 ¶¶ 17-22.) Plaintiff counters that he is not required "to plead specific hours, damages, or instances of unpaid overtime." (Doc. No. 23, p. 10 ¶ 15.)

Plaintiff has the better argument. Defendants cite several cases in which district courts held plaintiffs to higher pleading standards such as alleging, for example, the amount they were regularly paid, the hours they usually worked, and when they worked overtime. (Doc. No. 17, pp. 8-10 ¶¶ 18-22). But in *White*, the plaintiff alleged that she "'regularly' worked in excess of forty hours per week." 996 F.3d at 309. The Fifth Circuit, applying *Johnson*, found that allegation to be sufficient to survive dismissal at the pleading stage. *Id.* So too here: Plaintiff alleges that he worked for Defendants from 2020 through February 2024, that he "regularly worked more than 40 hours per week," and that Defendants did not pay him "an overtime premium for any of the hours he worked over 40 in a workweek." (Doc. No. 1, p. 2 ¶¶ 3-4; *id.* at 3 ¶ 5.) Viewing the allegations in the light most favorable to Plaintiff, that is sufficient. The

district court should deny Defendants' dismissal motion on this point.  *Accord Espinoza v. GCE Servs., LLC*, No. 4:24-cv-00901, 2024 WL 4242825, at *4 (S.D. Tex. Sept. 19, 2024) (Edison, M.J.) (FLSA overtime claim sufficiently pleaded where it alleged that employer failed to pay plaintiff overtime premium for any overtime hours he had worked, that he worked for more than 40 hours in most workweeks, and that he worked for employer between 2020 and 2022).[2]

### c. *FLSA coverage.*

Defendants next argue that Plaintiff insufficiently alleges FLSA coverage.  (Doc. No. 17, pp. 10-12 ¶¶ 23-27.)  As relevant here, Plaintiff was required to plausibly allege that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).  This is known as "enterprise coverage."[3]  An enterprise engaged in commerce or in the production of goods for commerce is one that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 ….

29 U.S.C. § 203(s)(1)(A).

Regarding the second prong, Plaintiff alleges that Defendants "conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 … based upon the

---

[2]  Plaintiff likewise was not required to "state in dollars and cents how much he is due for the unpaid overtime he allegedly worked."  *Id.* (citing *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020)).  Plaintiff's allegations of underpayment of wages "propel[s him] past the motion to dismiss stage."  *Steen*, 2023 WL 8260894, at *6.

[3]  There is another means by which FLSA could apply, known as "individual coverage," but Plaintiff states that he does not allege individual coverage in this case.  (Doc. No. 23, p. 6 ¶ 9 n.1.)

volume of business." (Doc. No. 1, p. 4 ¶ 12.) Defendants do not challenge the sufficiency of this allegation. *See* Doc. No. 17, p. 11 ¶ 25.

Defendants do, however, challenge whether Plaintiff's allegations sufficiently allege that two or more of Defendants' employees were engaged in interstate commerce or were handling, selling, or otherwise working on good that have moved in interstate commerce. *See Blakely*, 2022 WL 3720141, at *6 (citing *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 439 (N.D. Tex. 2012)). Plaintiff alleges that during each of the three years prior to the filing of the complaint, Defendants

> were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

(Doc. No. 1, p. 4 ¶ 10.) Plaintiff also alleges:

> During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

*Id.* ¶ 13. To Defendants, these allegations are simply too general to pass muster. (Doc. No. 17, p. 11 ¶¶ 24-25.) Plaintiff answers that courts, including the Fifth Circuit, have found nearly identical allegations to be sufficient. (Doc. No. 23, pp. 8-9 ¶¶ 12-13) (citing, among other cases, *Molina-Aranda*, 983 F.3d at 786).

In *Molina-Aranda*, the Fifth Circuit noted that the handling clause "does not impose a strenuous pleading burden." 983 F.3d at 786. The "handling, selling, or otherwise working" performed by the employees must be on goods that have been moved or produced for commerce by any person – a requirement expressed in the past tense. *Id.* This means that Plaintiff was

required to allege only that the goods or materials he (and similarly situated employees) handled had previously come into the state of Texas from elsewhere.  *Cf. id.*  Plaintiff "need only plausibly allege that [he] handled goods or materials that had at some point travelled interstate." *Id.* (citing *Twombly*, 550 U.S. at 570).

Although Plaintiff could have been more detailed, his complaint is sufficient at the pleading stage.  He alleges that he and other employees used or handled, among other things, tools that had previously traveled in interstate commerce.  (Doc. No. 1, p. 4 ¶ 13.)  Tools are plausibly considered to be "goods or materials" as contemplated by § 207(s)(1)(A)(i), because they could reasonably be used in construction – the activity allegedly engaged in by Plaintiff during his employment by Defendants.  Plaintiff will be required to provide proof of his allegations later in the case, but like the plaintiffs in *Molina-Aranda* he is not required to provide more details than he has at this stage.  *Cf. Molina-Aranda*, 983 F.3d at 787-88.  The district court should deny Defendants' dismissal motion on this point as well.

### 2. *Plaintiff's class claim.*

Defendants argue that Plaintiff fails to adequately plead the existence of a putative class with similarly situated members.  (Doc. No. 17, pp. 12-13 ¶¶ 28-30.)  They contend that Plaintiff's allegations "fail[] to give details or descriptions of these other employees or which of the alleged employees are similarly situated and how they are similarly situated, except that they purportedly worked in some extremely generalized, nebulous industry, identified as 'construction.'"  *Id* at 13 ¶ 29.  Plaintiff argues that his description of the putative class is sufficiently specific, and that in any event this question is not appropriate for review at the Rule 12(b)(6) motion stage.  (Doc. No. 23, pp. 15-16 ¶¶ 25-26.)

The Court may evaluate the sufficiency of Plaintiff's putative class description at this stage in the litigation. To survive a Rule 12(b)(6) motion challenging a claim of collectivity, a plaintiff's complaint must "'allege facts sufficient to demonstrate that he and potential plaintiffs were victims of a common policy or plan that violate the law.'" *Truong v. Magnolia Fleet, LLC*, 724 F. Supp. 3d 568, 576-77 (E.D. La. 2024) (quoting *England v. Admins. of the Tulane Ed. Fund*, No. 16-CV-3184, 2016 WL 3902595, at *4 (E.D. La. July 19, 2016)). The key is whether the plaintiff's allegation gives the defendants fair notice of the putative class. *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014). But "[m]aking sufficient factual allegations to support a collective action is a low bar." *Garcia v. Pegaso Energy Servs., LLC*, No. 1:23-CV-790, 2024 WL 2128603, at *7 (W.D. Tex. Apr. 11, 2024), *adopted*, 2024 WL 2120254 (W.D. Tex. May 10, 2024) (cleaned up). Putative plaintiffs need not be identical; a plaintiff need only show the other employees have substantially similar job requirements and are subject to the same common compensation scheme. *See Barrick*, 2025 WL 498548, at *7 (citing *Hutchings v. XTO Energy, Inc.*, No. MO:20-CV-94, 2021 WL 2419456, at *3 (W.D. Tex. Jan. 8, 2021)).[4]

Here, Plaintiff's allegations are sufficiently specific to provide notice that is fair. He alleges that the putative class consists of all individuals working for Defendants "as construction or maintenance workers (no matter their specific title) who are/were employed by and paid on an hourly basis during the three-year period preceding the filing of this Complaint." (Doc. No. 1, p.

---

[4] In its current posture, this case is not governed by *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021). That case addresses the question of whether the definition of a putative class is vague and overbroad. *Swales*, however, evaluated the question in the context of whether a grant of conditional class certification was proper. This case has not reached that stage; the only question at this time is whether Plaintiff has articulated a claim that can survive Defendants' Rule 12(b)(6) motion. *See Chapman v. D.M. Bass, Inc.*, Civ. No. 24-196, 2024 WL 1767604, at *2 (E.D. La. Apr. 24, 2024).

8 ¶ 31.)  Elsewhere in the complaint, Plaintiff alleges that Defendants employed a common pay scheme that denied overtime premium to all of the hourly workers who were engaged in construction and maintenance work for Mostaghasi and the Companies, were classified as independent contactors, regularly worked more than 40 hours per week, and were paid on a straight time basis.  *Id.* at 3 ¶ 6.  This is enough, at least for now.  The terms "construction" and "maintenance" are not so hopelessly vague as Defendants contend; it appears relatively straightforward to discern and identify the people who are alleged to fall into this group, in the context of people who worked for Mostaghasi and the Companies.  Plaintiff also alleges a generally applicable straight time pay practice that applied to all of these putative class members.  His allegations are sufficient to satisfy the low bar for his asserted collective action claim.  *Cf. Garcia*, 2024 WL 2128603, at *7.  The district court should therefore deny Defendants' Rule 12(b)(6) motion with regard to the putative class.

### 3. Willfulness.

Finally, Defendants argue that Plaintiff has failed to adequately plead that Defendants engaged in willful conduct.  (Doc. No. 17, pp. 13-14 ¶¶ 31-32.)  The district court should reject this argument.

There is a divergence of thought in this circuit regarding allegations of willfulness in FLSA complaints.[5]  Some courts have found that allegations of willfulness are just like any other type of allegation and are subject to dismissal if they are merely conclusory.  *E.g.*, *Kharb v. Ericsson, Inc.*, No. 4:17-CV-619, 2019 WL 1198399, at *4 (E.D. Tex. Mar. 14, 2019).  Other courts take a different view: "The factual determination of whether the violations were willful

---

[5]  For a collection of cases reflecting the different views on this question is available, *see Gosselin v. City of Austin*, No. 1:23-cv-1395, 2024 WL 3843788, at *2-*3 (W.D. Tex. June 27, 2024).

Case 2:24-cv-00211    Document 24    Filed on 03/03/25 in TXSD    Page 16 of 17

cannot be determined on the pleadings." *Chapman*, 2024 WL 1767604, at *2 (rejecting Rule 12(b)(6) challenge to willfulness claim).

In this case it is unnecessary to take sides in that debate, because Plaintiff's claim is sufficient either way. His claim is straightforward. He alleges that he was paid on a straight time basis, that he regularly worked more than 40 hours per week, and that Defendants did not pay him overtime wages. He also alleges that he and others complained to Mostaghasi about not being paid for overtime, and that Mostaghasi lost his temper when the topic was raised and directed that the issue not be brought up again. *See* Doc. No. 1, p. 3 ¶ 7. These are all factual allegations, not legal conclusions, and when taken as true they provide sufficient support to a plausible claim that Defendants' failure to pay overtime premium was willful. Nothing more is required at the pleading stage. The district court should find that Plaintiff sufficiently alleges willfulness and should deny the dismissal motion on this point.

### F. Alternatively, leave to amend?

Should the district court disagree and grant the dismissal motion with regard to any of Defendants' arguments, Plaintiff should be granted leave to amend his complaint. Leave to amend should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a grant of leave to amend is not appropriate where amendment would be futile – that is, where an amended complaint would fail to survive a Rule 12(b)(6) motion. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

In this case, it appears that Plaintiff may be able to allege additional facts that would cure any deficiencies identified by the district court and bring his complaint above the threshold for viability. Amendment would not be obviously futile, so the district court should grant leave to amend. Alternatively, as suggested by Defendants (Doc. No. 17, pp. 15-17 ¶¶ 33-37), the district

16 / 17

court could order Plaintiff to provide a more definite statement addressing any areas identified as deficient.  *See* Fed. R. Civ. P. 12(e).

### G. Conclusion and recommendation.

The district court should DENY Defendants' dismissal motion (Doc. No. 17).  If the district court grants the dismissal motion, however, it should grant Plaintiff leave to amend his complaint or order Plaintiff to provide a more definite statement.

### H. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on March 3, 2025.

MITCHEL NEUROCK
United States Magistrate Judge